SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**KATE A. ROCHAT, OSB #184324**
Kate.Rochat@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1000
Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:26-cr-00157-AB** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **DAMON BROOKS RICE,** | |
| **Defendant.** | |

Damon Rice is before the Court for sentencing on Count 1 of the Information, which charges Theft from an Indian Tribal Organization. Defendant, who has a lengthy criminal history, stole property valued at over $50,000 from the Confederated Tribes of the Umatilla. The government asks the Court to apply a 3-level downward variance and then apply a low-end of the guidelines sentence, to be followed by three years of supervised release.

/ / /

/ / /

/ / /

**Factual Background**

**A. The Offensive Conduct**

On July 14, 2025, Umatilla Tribal police officers responded to a report of a theft of an excavator, valued at $46,000, and a trailer, valued at $6,500, which belonged to the Confederated Tribes of the Umatilla Indian Reservation (CTUIR) Department of Natural Resources (DNR). PSR ¶ 16. Law enforcement officers eventually recovered the excavator on South Beech Street in Kennewick, Washington. PSR ¶ 17. The reviewed doorbell camera footage from a neighbor taken the previous day and observed two men unloading the excavator from the trailer which was being towed by a Ford pickup truck. PSR ¶ 18.

On July 23, 2025, as part of an unrelated incident, Umatilla County sheriff's deputies encountered Damon Rice when he arrived to an area driving a Ford pickup truck pulling a flatbed trailer with a car loaded on it. PSR ¶ 19. The deputies identified that the defendant's driver's license was suspended, and that the Ford pickup truck that he was driving had been reported as stolen out of Kennewick, Washington, and that the flatbed trailer was the same trailer that had been stolen from the DNR. PSR ¶ 20. Deputies searched the stolen Ford and located 12.6 grams of methamphetamine, drug paraphernalia in a bag labeled with the defendant's name, and the keys to the excavator. PSR ¶21.

On October 3, 2025, FBI agents contacted the defendant following a court appearance in an Umatilla County case. PSR ¶22. The agents conducted an interview with him, during which he stated he had borrowed the Ford pickup truck on multiple occasions but denied any knowledge of the theft of the DNR excavator. *Id.*

On November 10, 2025, the defendant was arrested by Hermiston police officers in connection with Umatilla County case #25CR63017. On November 12, 2025, FBI agents

contacted the defendant in custody at the Umatilla County Jail, and the defendant eventually admitted to stealing the DNR excavator and trailer and stated that he expected to be paid $10,000 for his part in the theft. PSR ¶24.

**B. The Charges, Plea Agreement, and Guideline Computations**

On May 14, 2026, Defendant was charged in a single count Information with Theft from a Tribal Organization on July 11, 2025, in violation of 18 U.S.C. § 1163. ECF 19. On July 29, 2026, the defendant waived indictment and pled guilty to a single-count Information pursuant to a plea agreement. ECF 29-31.

The parties agreed to a stipulated calculation of guidelines that accounts for the loss amount of the stolen property and for the fact that the offense involves stolen vehicle parts. PSR ¶ 5. Given the defendant's demonstrated acceptance of responsibility, and pursuant to the plea agreement, the government recommends a two-level reduction under USSG §3E1.1. PSR ¶ 6. The PSR calculates these same adjustments, resulting in a total offense level of 12. PSR ¶ 41.

Probation calculates the defendant to be a Criminal History Category III. With a total offense level of 12, this results in a guideline provision of 15 to 21-months. The government recommends an additional three-level downward variance for early resolution, resulting in a total offense level of 9, and the low-end of the resulting guideline range of 8-14 months.

**Government's Sentencing Recommendation**

Defendant stole over $50,000 worth of property from a tribal organization. It was not an isolated mistake. He has an extensive criminal history which shows a repeated, rather than isolated, disregard for the law. He poses a danger to the community that must be addressed by an appropriate sentence. However, any sentence should be no longer than necessary to effectuate the sentencing principles.

Considering the totality of the facts and circumstances, the government believes that the sentencing guidelines and stipulated enhancements adequately capture the defendant's criminal conduct and are appropriate as applied to this defendant. The government further acknowledges that the defendant's eventual steps to take responsibility for his conduct reflect favorably on his prospects for rehabilitation and therefore, recommends an additional 3-level variance.

Accordingly, after evaluating the competing sentencing factors outlined in 18 U.S.C. § 3553(a), which include the nature and circumstances of the offense; the defendant's characteristics; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to provide just punishment for the offense; the need to protect the public from further crimes of the defendant; and, the need to provide defendant with needed training or other corrective treatment, the government asks the Court to impose an 8-month sentence of imprisonment, to be followed by a three year term of supervised release.

Dated: October 15, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Kate A. Rochat*
KATE A. ROCHAT, OSB #184324
Assistant United States Attorney